UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| MATT BELITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:23-cv-350 |
| v. ) | |
| ) | |
| DC FOUNDATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

The Plaintiff, Matt Belitz, and Defendant, DC Foundations, Inc., hereby jointly notify the Court that they have resolved all of Plaintiff's claims in the above-referenced action. The parties jointly move the Court for entry of an Order approving the parties' settlement agreement resolving all of Plaintiff's claims raised in this matter, which includes claims under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and dismissing this action with prejudice.

1. Plaintiff filed an original complaint against Defendant on September 27, 2023. The Complaint asserts claims for unpaid wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), as well as a claim for alleged breach of contract for unpaid wages. Plaintiff included a Rule 23 class action allegation but never moved for a class certification.

2. After exchanging information about Plaintiff's work and pay history, and settlement negotiations, the parties reached an agreement to settle Plaintiff's claims against the Defendant. A copy of the settlement agreement is available for the Court's review as Exhibit A.

3. Pursuant to the case law regarding settlement of FLSA claims, there are two methods in which claims of this nature can be settled and released by employees. First, under

FLSA § 216(c), claimants may settle and release claims under the FLSA if payment of unpaid wages by the alleged employer is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by a claimant against his or her employer under § 216(b), the claimant may settle and release FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *Rampersad v. Certified Installation*, LLC, 2012 U.S. Dist LEXIS 167156, at *2 (E.D. Tenn. 2012). In detailing the circumstances justifying court approval of an FLSA settlement in the private litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees [or claimants] under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees [or claimants] are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee [or claimant] FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

4. The proposed settlement in this case arises out of an action brought by Plaintiff in which he asserted that he was not paid in accordance with the FLSA. Defendant disputed Plaintiff's allegations. Thus, this action was adversarial in nature. Both Plaintiff and Defendant have been represented by legal counsel throughout this process, Plaintiff's claims were disputed, and the settlement was reached following arm's length negotiations. Consequently, the parties submit that the settlement is fair and reasonable and should be approved by the Court.

2

5. Pursuant to the settlement reached by the parties for Plaintiff's FLSA claims, Plaintiff will receive back pay plus an equal amount in liquidated damages and reasonable attorney's fees in this action as set out in a separately executed settlement agreement. Having conducted a thorough review of Plaintiff's work records and compensation received, the parties believe that the amount Plaintiff will recover under the settlement exceeds the amount of wages and liquidated damages he could recover at trial. The parties agree that genuine issues of material fact exist regarding Plaintiff's claims. Accordingly, the settlement of these claims results from a *bona fide* compromise between the parties on a variety of disputed issues of law and fact. The settlement occurred on an arm's length basis as the result of the voluntary exchange of information and correspondence including emails between Plaintiff's counsel and Defendant's counsel. The parties stipulate that they are resolving the matter in order to avoid unnecessary further costs, time and risks associated with continuing this litigation and in an amount to fairly compensate Plaintiff for his claims had he prevailed at trial. The parties undertook detailed legal and factual analyses of the claims and defenses in this action. The legal and factual nature of the claims and defenses in this case would have caused significant additional unnecessary expense for the parties should it have been necessary to try the case.

6. The settlement negotiated in this case reflects a reasonable compromise of the disputed issues. The parties, through their attorneys, voluntarily agreed to the terms of the settlement during negotiations. The parties were counseled and represented by their respective attorneys throughout the litigation, negotiation and settlement process. Counsel for the parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

3

7. The parties have also reached an agreement as to the amount of attorney fees and costs payable to Plaintiff's legal counsel. Under 29 U.S.C. § 216(b), "[t]he Court in such action shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Attorney fees are to be based upon "a reasonable rate and time reasonably expended as opposed to the dollar amount of relief obtained." *Posner v. The Showroom, Inc.*, 762 F.2d 1010 (6th Cir. 1985) (per curiam). Here, the amount for attorney's fees did not affect the amount to be paid to Plaintiff as the amount due to Plaintiff was based on an extensive analysis of the facts and law and determined separate from any settlement of the attorney's fee issue. "When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." *Barbee v. Big River Steel, LLC,* 927 F.3d 1024, 1027 (8th Cir. 2019). As a result, "29 U.S.C. § 216 does not require approval of settled attorney fees." *Id.* Further, Counsel for Plaintiff note that no expenses or attorney's fees will be deducted from the amounts recovered by Plaintiff as set out in the settlement agreement.

8. Plaintiff intends this settlement of his claims to represent a final resolution of all claims that were actually raised or that could have been raised in this action.

WHEREFORE, for the foregoing reasons, the parties jointly request that their Joint Motion for Approval of Settlement be granted and that the Complaint in this matter be dismissed, with prejudice. A proposed Order granting the Motion will be submitted to the Court for approval.

Jointly submitted this 24th day of October, 2024.


/s/Mary C. Moffatt
Mary C. Moffatt, BPR#012729
Jerome D. Pinn, BPR #017848
WIMBERLY LAWSON WRIGHT DAVES & JONES, PLLC
550 Main Street, Suite 900
Post Office Box 2231
Knoxville, TN 37901-2231
865-546-1000
Attorneys for Defendant


/s/ Joseph Leatherwood (by MCM with permission
J. Joseph Leatherwood IV, BPR#39490
Gordon E. Jackson, BPR#8323
J. Russ Bryant, BPR#33830
James L. Holt, Jr., BPR#12123
Jackson, Shields, Yeiser, Holt, Owen, and Bryant
262 German Oak Drive
Memphis, TN 38018
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Mary C. Moffatt, hereby certify that on 24th day of October, 2024, a true and exact copy of the foregoing Joint Motion has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/Mary C. Moffatt
Mary C. Moffatt