UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MATT BELITZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:23-CV-350-KAC-DCP |
| | ) |
| D.C. FOUNTATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is the Parties' "Joint Motion for Approval of Settlement" [Doc. 16]. In that Motion, the Parties jointly ask the Court to (1) approve the settlement of Plaintiff's Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* claim and (2) "dismiss[]" the entirety of "this action with prejudice" [*See* Doc. 16 at 1]. For the reasons below, the Court dismisses this action with prejudice.

On September 27, 2023, Plaintiff Matt Belitz brought suit "individually, and on behalf of" "all other similarly situated current and former hourly-paid employees" against Defendant D.C. Foundations, Inc., for alleged violations of the FLSA related to unpaid wages and overtime compensation [Doc. 1]. The Complaint also asserts a breach of contract claim [Doc. 1 at 5]. On October 24, 2024, the Parties notified the Court that they have settled all claims in this action after fulsome negotiations [Doc. 16 at 1]. The Parties now seek Court approval of their FLSA settlement and dismissal of this entire action with prejudice [*See id.*].

Starting with the FLSA settlement request, the FLSA generally requires compensation for overtime at a rate not less than one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). "Any employer who violates the provisions of section 206 or section 207 . . . shall be

liable to the employee . . . in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Further, the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

The United States Courts of Appeals are split on whether the settlement of FLSA claims among private parties requires Court approval. *Compare, e.g.*, *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same). The Sixth Circuit has not decided the issue. One district court in this Circuit has reached the persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 620 F. Supp. 3d 635, 643 (W.D. Ky. 2022); *see also Alcantara v. Duran Landscaping, Inc.,* No. 2:21-cv-03947, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022). But courts in this district have regularly found it appropriate to review an FLSA settlement for approval at the Parties' request. *See, e.g.*, *Estes v. Vanderpool Constr. & Roofing, Inc.*, No. 17-CV-58, 2018 WL 3910999, at *1 (E.D. Tenn. July 30, 2018), *report and recommendation adopted*, No. 17-CV-58, 2018 WL 3910889 (E.D. Tenn. Aug. 15, 2018). Until the Sixth Circuit addresses the issue, out of an abundance of caution and at the Parties' request, the Court reviews the Parties' settlement.

When reviewing an FLSA settlement, the Court must ensure that the settlement represents a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1355. In FLSA cases where, as here, the parties separately negotiate the award of attorney's fees "without regard to the plaintiff's FLSA claim," the FLSA might not require the Court to independently review the amount of attorney's fees. *See Barbee v. Big River Steel, LLC*,

927 F.3d 1024, 1027 (8th Cir. 2019) (observing that the FLSA "treat[s] the merits of an FLSA claim and the attorney fees as distinct" and that the text does not require approval of separately-settled attorney's fees); *see also Bernardez v. Firstsource Sols. USA, LLC*, Nos. 17-CV-613 & 20-CV-99, 2022 WL 1156972, at *6 (W.D. Ky. Apr. 19, 2022).

Here, the proposed settlement fairly and reasonably resolves Plaintiff's bona fide FLSA dispute. The Parties, each represented by counsel, reached a settlement following "arm's length negotiations" [Doc. 16 at 2]. And the settlement "reflects a reasonable compromise of the disputed issues" [*Id.* at 3]. Consistent with the FLSA, Defendant agrees to pay Plaintiff his fairly negotiated "back pay plus an equal amount in liquidated damages" [*Id.*]. *See* 29 U.S.C. § 216(b). Also consistent with the FLSA, the Parties agree that Defendant will pay Plaintiff's attorney's fees and costs "incurred" "through the dismissal" of the case [Docs. 16-1 at 1; 16 at 4]. *See* 29 U.S.C. § 216(b). The proposed amount of attorney's fees was separately negotiated and is "based on an extensive analysis of the facts and law" [Doc. 16 at 4]. And "no expenses or attorney's fees will be deducted from the amounts recovered by Plaintiff" [*Id.*]. As a result, the settlement represents a fair and reasonable resolution of the FLSA dispute. *See Lynn's Food Stores*, 679 F.2d at 1355. Accordingly, to the extent the law requires it, the Court approves the FLSA settlement.

As to the Parties' request to dismiss the entirety of this action with prejudice, including Plaintiff's breach of contract claim, Rule 41(a) permits the Court to dismiss an action on terms that are just and proper. *See* Fed. R. Civ. P. 41(a)(2). Here, all Parties agree to dismissal of Plaintiff's claims with prejudice. And the Court sees no basis to determine that the agreed terms are anything other than just and proper.

3

Accordingly, the Court **GRANTS** the Parties' "Joint Motion for Approval of Settlement" [Doc. 16]. The Court **DISMISSES** this action **WITH PREJUDICE**. An appropriate judgment shall enter.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

4

Case 3:23-cv-00350-KAC-DCP   Document 17   Filed 12/20/24   Page 4 of 4   PageID #: 76